UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| AUDREY WILSON, | \* | |
| Plaintiff | \* | CIVIL ACTION |
| vs. | \* | No. 05-11205-JLT |
| | \* | |
| MARGARET McKENNA, | \* | |
| Defendant | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF DEFENDANT, MARGARET McKENNA'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) (2)

### FACTUAL ALLEGATIONS

This tort action arises from a collision between a motorcycle and an automobile in Putnam, Connecticut on November 7, 2004, (Complaint ¶6). Plaintiff, Audrey Wilson was a passenger on the motorcycle operated by Roland Dion, (Complaint ¶5). Plaintiff, Ms. Wilson is a resident of Lowell, Massachusetts, (Complaint ¶1). The Defendant, Margaret McKenna, a resident of Danielson, Connecticut, operated the automobile, (Complaint ¶2). Subject matter jurisdiction is based on diversity of citizenship. The Defendant annexes a copy of Plaintiff's Complaint as Exhibit "A" for reference.

### ARGUMENT

I.   **PLAINTIFF HAS NOT SATISFIED THE BURDEN OF ESTABLISHING SUFFICIENT FACTS TO SUPPORT PERSONAL JURISDICTION OVER THE DEFENDANT PURSUANT TO THE MASSACHUSETTS LONG ARM STATUTE.**

Plaintiff bears the burden of establishing facts sufficient for this Court to exercise personal jurisdiction over a nonresident defendant. *Good Hope Industries, Inc. v. Ryder Scott*, 378 Mass. 1, 2, (1979). Plaintiff's Complaint fails to allege the assertion of

personal jurisdiction under the log arm statute. The Massachusetts long arm statute, G.L., c. 223A, §3, states as follows:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's,
>
> (a) transacting any business in this commonwealth;
>
> (b) contracting to supply services or things in this commonwealth;
>
> (c) causing tortious injury by an act or omission in this commonwealth;
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
>
> (e) having an interest in, using or possessing real property in this commonwealth;
>
> (f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;
>
> (g) maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or
>
> (h) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such order or orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

This accident did not occur in the Commonwealth, but in Connecticut. Ms. McKenna is a foreign resident who had an accident in her home state. There are no allegations plead by the Plaintiff in her Complaint that would remotely be the basis for acquiring personal jurisdiction over Ms. McKenna for this motor vehicle accident in

Connecticut. Based on the facts, taken as true in Plaintiff's Complaint, there is no enumerated facts that jurisdiction under the statute has been established.

## II. THE EXERCISE OF PERSONAL JURISDICTION BY THIS COURT WOULD DEPRIVE THE DEFENDANT OF DUE PROCESS

As the Plaintiff has not met the burden of establishing personal jurisdiction pursuant to the long arm statute, G.L., c. 223A, §3, the exercise of jurisdiction would deprive the Defendant of her right to due process. All witnesses to the accident are located outside of the Commonwealth and not subject to subpoena. Connecticut has an interest in resolving disputes on behalf of its citizens who are sued as a result of an accident within its boundaries. The sole and only contact with the Commonwealth of Massachusetts is the residence of the Plaintiff. There are no established minimum contacts with the Commonwealth to exert personal jurisdiction over the Defendant, Ms. McKenna.

## CONCLUSION

Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Respectfully submitted,

MARGARET McKENNA
By Her Attorneys:

_____
Richard E. Heifetz, Esquire
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
BBO #229000
617-557-9696
Dated:     July 11, 2005

I hereby certify that I made service
of the foregoing document in accordance
with the provisions of Fed. R. Civ. P. 5.

*EXHIBIT "A"*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Audrey Wilson, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | COMPLAINT |
| Margaret McKenna ) | |
| Defendant ) | |

### STATEMENT OF THE CASE

This is a complaint arising out of an automobile/motorcycle accident that occurred in November 7, 2004, in Putnam, Connecticut. Plaintiff was a passenger on a motorcycle which was struck by an automobile operated by the Defendant. As a result of the collision, Plaintiff required surgery to her right knee. Plaintiff's injuries are permanent, may require a hip replacement, and have had an adverse impact on her ability to do her job as a massage therapist. Plaintiff is a citizen of the Commonwealth of Massachusetts and the Defendant is a citizen of the State of Connecticut.

### JURSDICTION

Jurisdiction is based on United States Code Title 28, §1332, as this is a civil action between two citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### PARTIES

1. Plaintiff Audrey Wilson is an individual that resides at 176 Third Street, Lowell, Lowell, Massachusetts, 01850.
2. Defendant Margaret McKenna is an individual that resides at 100 River Street, Danielson, Connecticut, 06239.

### THE FACTS

3. On or about November 7, 2004, at or about 1:43 p.m., Plaintiff was a passenger on a motorcycle traveling east on Front Street, in Putnam, Connecticut.
4. The motorcycle was operated by Roland Dion, of Westford, Massachusetts.
5. On or about November 7, 2004, at or about 1:43 p.m., the Defendant was operating her motor vehicle west bound on Front Street, in Putnam Connecticut.
6. On the aforesaid date, at the aforesaid time and location, Mr. Dion made a left hand turn to travel northeast on to South Main Street, in Putnam, Connecticut.
7. On the aforesaid date, at the aforesaid time and location, as Mr. Dion made the left turn, the Defendant continued to travel west and a collision resulted between the automobile and the motorcycle.

Roland L. Milliard
Pilgrim Place
1470 Lakeview Ave.
Suite 5
Dracut, MA 01826
Tel. (978) 957-6799
Fax (978) 957-5322
BBO# 349361

## COUNT ONE
## NEGLIGENCE

8. Plaintiff Audrey Wilson realleges each and every one of the foregoing paragraphs and incorporates them herein by reference.
9. Defendant Margaret McKenna so negligently and carelessly operated her motor vehicle so as to cause it to collide with a motorcycle on which the Plaintiff was a passenger.
10. As the passenger, there was no negligence on the part of the Plaintiff.
11. As a result of the negligence of the Defendant McKenna, the Plaintiff was injured, was caused to spend money for medical care and surgery, has had permanent injuries, physical pain and suffering, mental pain and suffering, a loss of income, a loss of future income, and a diminishment in the quality and enjoyment of her life.

WHEREFORE PLAINTIFF AUDREY WILSON DEMANDS JUDGMENT AGAINST THE DEFENDANT MARGARET McKENNA IN THE AMOUNT OF $625,000.00, ATTORNEY'S FEES, COSTS, AND ANY OTHER RELIEF THAT THE COURT DEEMS MEET AND JUST.

Plaintiff demands trial by jury.

The Plaintiff,
Audrey Wilson,
By her attorney,

Roland L. Milliard
BBO # 559361
1470 Lakeview Ave, Suite 5
Dracut, MA 01826
(978)957-6799

A TRUE AND ATTESTED COPY

ARTHUR R. JOHNSTON
STATE MARSHAL
STATE OF CONNECTICUT

Roland L. Milliard
Pilgrim Place
1470 Lakeview Ave.
Suite 5
Dracut, MA 01826
Tel (978) 957-6799
Fax (978) 957-5322
BBO # 559361